GEO. D. ALLEN *v.* JAS. F. VAUGHN.

**Appeals—Bill of Exceptions—Filing by Consent.**

After a new trial had been refused, upon motion, two weeks time was given to file a bill of exceptions. Held, that the filing of same in three weeks, in the clerk's office by consent, is not evidence that the Appellate Court can take cognizance of.

APPEAL FROM JEFFERSON CIRCUIT COURT.

January 19, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

After judgment had been rendered against appellant, a motion was made by his attorney for a new trial, which was not disposed of until the 2nd of April, 1870, when it was overruled, to which appellant excepted—and *two weeks time* was then given to prepare and file a bill of exceptions, although all the evidence except that of one witness in the case *was* depositions.

But instead of presenting and filling the bill of exceptions in court within the time allowed—and having the filing of it entered on the record, and thereby making it a part of the record, it was handed to the clerk in his office on the 21st of April, 1870, nearly a week after the time for filing it as fixed by the court had expired, and he then says it was filed in office by consent, which is no evidence that this court can take judicial cognizance of, that it was filed at all.

We are therefore constrained to disregard the paper purporting to be a bill of exceptions, and in the absence of the evidence, and of anything appearing to the contrary we must presume the judgment of the court is correct. As to the bill of exceptions see *Tweedy vs. Commonwealth, 2 Met. 379. Vandever vs. Griffith, Ib. 425. Foreman vs. Brenham, (17 B. Mon. 607.)*

Wherefore the judgment must be affirmed.

*Twyman, for appellant.*
*Brown, for appellee.*